UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PETER COYLE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 21-cv-12048-ADB |
| | * | |
| DJD MEDICAL, INC., et al., | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM AND ORDER

BURROUGHS, D.J.

     Peter Coyle ("Plaintiff") brought this products liability action in Massachusetts state court against the Defendants Johnson & Johnson, Inc., Johnson & Johnson Services, Inc., and Medical Device Business Services, Inc. ("Removing Defendants"); Defendants DJD Medical, Inc. ("DJD"), DJD's president, Domenic J. Dinardo (together with DJD, the "Distributor Defendants"), and DePuy Synthes Sales, Inc. ("DSS") (together with Distributor Defendants, the "Massachusetts Defendants"). See [ECF No. 1-4 ("Am. Compl.")]. Plaintiff's claims relate to multi-district litigation ("MDL") No. 2244, In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Products Liability Litigation, 787 F. Supp. 2d 1358 (J.P.M.L. 2011), pending in the United States District Court for the Northern District of Texas. Presently before the Court are Removing Defendants' motion to stay all proceedings, [ECF No. 6], and Plaintiff's motion to remand the case back to state court, [ECF No. 8]. The Court, in its discretion, will consider its jurisdiction and accordingly the motion to stay, [ECF No. 6], is DENIED. Further, because

Plaintiff has sufficiently alleged claims against the Distributor Defendants, the Court lacks subject matter jurisdiction and the motion to remand, [ECF No. 8], is <u>GRANTED</u>.

## I. BACKGROUND

Plaintiff's claims arise from a hip replacement surgery that used the DePuy Pinnacle MoM Hip Replacement Pinnacle System ("Pinnacle System"). The Pinnacle System was designed and manufactured by the Removing Defendants and DSS and distributed by the Distributor Defendants. [Am. Comp. ¶¶ 10–12]. Plaintiff alleges that the Pinnacle System is a defective device that caused him to suffer from heavy metal poisoning, resulting in direct and proximate injuries including significant pain, tissue and bone destruction, and ultimately required revision surgery to remove the device. [<u>Id.</u> ¶¶ 195–204].

Plaintiff filed this case in Suffolk County Superior Court on October 5, 2021, [ECF No. 1-3], and then filed an amended complaint shortly thereafter to include all Defendants, <u>see</u> [Am. Compl.]. On December 15, 2021, Removing Defendants removed the case asserting diversity of citizenship, [ECF No. 1], and the next day moved to stay the matter pending a ruling from the Judicial Panel on Multidistrict Litigation ("JPML") concerning the transfer of the case to MDL No. 2244, [ECF No. 6]. Plaintiff opposed the stay, [ECF No. 10], and asked the Court to remand to state court based on the forum defendant rule, [ECF No. 8].

## II. MOTION TO STAY

The Removing Defendants have requested that the Court stay the case and defer ruling on the question of federal jurisdiction, asserting that the MDL court is in a better position to address the legal and factual issues presented in the remand motion and that Plaintiff would not be prejudiced by the stay. <u>See</u> [ECF Nos. 6, 7]. The Court finds this argument unconvincing in this case.

Under the JPML rules, "[t]he pendency of a [conditional transfer] does not affect . . . pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." JPML Rule 2.1(d). The Court "has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting." In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988). Though district courts may grant stay requests when a transfer to an MDL is pending, the decision is discretionary and the facts before the Court in the instant case weigh in favor of deciding the jurisdictional question before it.

Plaintiff's motion to remand involves the application of Massachusetts law to facts unique to this case, and further, the record suggests that if this Court does not review federal subject matter jurisdiction, this critical question may be set aside indefinitely.[1] See [ECF No. 10 at 9 (noting that the MDL has not heard a single remand motion in its ten years of existence)]. Accordingly, this Court, like several other federal district courts confronted with motions to stay and to remand, see e.g., Hilbert v. Aeroquip, Inc., 486 F. Supp. 2d 135 (D. Mass. 2007); Sanghvi v. DJD Med., Inc., No. 21-cv-11900, ECF No. 25 (D. Mass. Jan. 11, 2022); Israel v. Volkswagen, A.G., No. 16-cv-00012, 2016 WL 9334707 (D. Vt. Mar. 25, 2016), will deny Removing Defendants' motion to stay and address the merits of the Plaintiff's motion to remand.

---

[1] The Court would typically stay such a case in favor of the MDL for all the reasons cited by Removing Defendants in their Memorandum of Law in Support of Removing Defendants' Motion to Stay All Proceedings. See [ECF No. 7]. It declines to do so in this case, however, given the specific posture of this case, including the need to dig into Massachusetts law, the low risk of this decision (which does not go to the merits of the case) resulting in an inconsistent ruling or a duplication of judicial resources, and the fact that this may be Plaintiff's only opportunity to have the remand issue addressed by a court.

### III. PLAINTIFF'S MOTION TO REMAND

Plaintiff moved to remand the case to state court, contending that removal was improper under the forum defendant rule. See generally [ECF No. 9]. Removing Defendants opposed, alleging fraudulent joinder of the Massachusetts Defendants where they played no role, or a very limited role, in the Pinnacle System that was implanted into Plaintiff and because the claims asserted against the Distributor Defendants are preempted by federal law. See generally [ECF No. 20]; see also [ECF No. 1].

Only cases that are properly within the subject matter of the federal courts may be consolidated and transferred for pretrial MDL proceedings. See 28 U.S.C. § 1407. Under the forum defendant rule, "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). However, "plaintiff[s] may not impede a defendant's right of removal by fraudulently joining a non-diverse defendant who has no real connection to the case." Surabian Realty Co., Inc. v. CUNA Mut. Grp., 245 F. Supp. 3d 297, 299 (D. Mass. 2017) (citing Universal Truck & Equip. Co. v. Southworth-Milton, Inc., 765 F.3d 103, 108 (1st Cir. 2014)).

When considering a fraudulent joinder claim, the Court must determine whether the party seeking removal to federal court has carried their "burden of demonstrating by clear and convincing evidence 'either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court.'" Surabian, 245 F. Supp. 3d at 299 (quoting Mills v. Allegiance Healthcare Corp., 178 F. Supp. 2d 1, 5 (D. Mass. 2001)). Removing Defendants' burden is "heavy," inVentiv Health Consulting, Inc. v. Equitas Life Scis.,

289 F. Supp. 3d 272, 281–82 (D. Mass. 2017) (internal citation omitted), and "any doubts in the evidence should be construed in favor of remand because the court has a responsibility to police the border of federal jurisdiction." Swanson v. Lord & Taylor, LLC, No. 12-cv-10151, 2012 WL 3776450, at *2, 2012 U.S. Dist. LEXIS 121750, at *5 (D. Mass. Aug. 28, 2012) (internal quotation marks and citation omitted).

### A. Preemption

Plaintiff brings several claims against the Distributor Defendants.[2] Removing Defendants argue that Plaintiff's claims against the Distributor Defendants are preempted under PLIVA, Inc. v. Mensing, 564 U.S. 604, 618 (2011), and as such, any claims against those Defendants are foreclosed and cannot provide a basis for remand. See [ECF No. 20 at 17–21]. In Mensing, the Supreme Court held that federal *drug* regulations preempt state law failure to warn claims against generic drug manufacturers who, lacking the ability under federal law to change their products' labels, would face conflicting federal and state requirements if such state law claims were actionable. See also Mut. Pharm. Co. v. Bartlett, 570 U.S. 472 (2013). Removing Defendants contend "[t]hat logic applies with equal force" to the distributors of medical devices that obtain Food and Drug Administration ("FDA") clearance through the 510(k) premarket notification process, like the Pinnacle System. [ECF No. 20 at 18 (quotation omitted)]. The Court is unconvinced that such an extension in logic is certain. Unlike the prescription drugs at issue in Mensing and Bartlett, medical devices released through the 510(k) process need only be approved as "substantially equivalent" to a pre-existing device. As such,

---

[2] Against the Distributor Defendants, the Amended Complaint alleges counts of negligence, breach of express warranty, breach of implied warranty of merchantability, negligent misrepresentation, and violation of the Massachusetts Consumer Protection Act, Massachusetts General Law ch.93A §2. See ["Am. Compl." ¶¶ 211–219, 231–279].

even the MDL court has determined that there can be no conflict between state and federal law where the FDA has not imposed federal design requirements particular to a specific device. See In re: DePuy Orthopaedics, Inc., 3:11-MD-2244-K, 2016 WL 6268090, at *3 (N.D. Tex. Jan. 5, 2016) (citing Medtronic, Inc. v. Lohr, 518 U.S. 470 (1996)).  Because there is considerable uncertainty on the issue, the question of preemption should be resolved in favor of remand. See In re Stryker LFIT V40 Femoral Head Prods. Liab. Litig., No. 17-cv-10829, 2017 WL 3815937, at *4 (D. Mass. Aug. 31, 2017) (remanding case because "it was not obvious that impossibility preemption would apply to a medical device distributor"); Weir v. DePuy Orthopaedics, Inc., No. 14-cv-02166, 2014 WL 5178950, at *3 (M.D. Fla. Oct. 14, 2014) (presuming against federal jurisdiction where the application of Mensing and Bartlett to medical device distributors was uncertain); Sanghvi v. DJD Med., Inc., No. 21-cv-11900, ECF No. 25 (D. Mass. Jan. 11, 2022) (same).

Having found that Plaintiff's claims are not so clearly preempted as to overcome the presumption against federal jurisdiction, the Court will assess whether there is a reasonable possibility that he has asserted claims that are viable under Massachusetts law.

### B. Negligence Claim Against Distributor Defendants

"To prevail on a negligence claim under Massachusetts law, 'a plaintiff must show by a preponderance of the evidence (1) a legal duty owed by defendant to plaintiff; (2) a breach of that duty; (3) proximate or legal cause; and (4) actual damage or injury.'" Primus v. Galgano, 329 F.3d 236, 241 (1st Cir. 2003) (quoting Heinrich v. Sweet, 308 F.3d 48, 62–63 (1st Cir. 2002)).  Removing Defendants contend the Plaintiff's negligence claims against Distributor Defendants "have no possibility of success" because Plaintiff has failed to adequately plead a breach of a duty owed or causation.  See [ECF No. 1 ¶¶ 22–32].  A seller that "knew or had

reason to know of the dangerous condition that caused the accident[,]" Enrich v. Windmere Corp., 616 N.E.2d 1081, 1084 (1993), and "failed to use reasonable care to eliminate" those foreseeable dangers may be held liable. Wasylow v. Glock, Inc., 975 F. Supp. 370, 376 (D. Mass. 1996) (internal quotation and citation omitted); see also Shuras v. Integrated Project Servs., Inc., 190 F. Supp. 2d 194, 200 (D. Mass. 2002) (stating that a seller may be liable if "it possesses more relevant information about a product's design and its concomitant hazards [] [such that] it is in a better position than a buyer to know that the product is dangerously defective."); McIsaac v. Didriksen Fishing Corp., 809 F.2d 129, 133 (1st Cir. 1987) (quoting Schaeffer v. General Motors Corp., 360 N.E.2d 1062 (1977)) (explaining that a seller or manufacturer of a product must "give adequate warning of unreasonable dangers involved in the use of which he knows or should know.").

Here, Plaintiff alleges that the Distributor Defendants knew, or should have known, of safety concerns related to the Pinnacle System, but failed to warn others, including surgeons, and, further, continued to promote the system over any other hip replacement. [Am. Comp. ¶¶ 175–182]. In opposition, Removing Defendants, relying on Hall v. OrthoMidwest, Inc., 541 F. Supp 3d. 802 (N.D. Ohio, 2021), argue that attendance at or knowledge of revision surgeries does not demonstrate that Defendant Distributors had knowledge of a product defect. [ECF No. 20 at 11–13].

The amended complaint asserts that Defendant Distributors were not passive sellers, but rather highly trained in the Pinnacle System, with an active role in its use, including providing information to surgeons about the product, patient selection, pre-surgery consultation, and conferring on appropriate components and techniques for each surgery. [Am. Comp. ¶¶ 119–152, 175–191]; see also [ECF No. 9-5 ¶¶ 11–13, 18, 21–22]. Plaintiff further alleges that his

surgeon, nurses, and other hospital administrators all relied on the representations and assistance of Defendant Distributors in the use of the Pinnacle System. [Am. Comp. ¶ 190]. Construing the complaint in Plaintiff's favor, the Defendant Distributors' expertise on the device, including their role in its use and their knowledge of revision surgeries allegedly necessitated by toxic metals in the device, is sufficient to plead a breach of a duty. Defendant DiNardo's assertion that he lacked actual knowledge of any product defect does not disprove that he had reason to know the Pinnacle System was defective. Thus, a factfinder could conclude that he breached a duty of care to the Plaintiff. See also In re Fresenius, 76 F. Supp. 3d 321, 334 (D. Mass. 2015) ("[A]ffidavits, particularly those submitted by the defendant and for whom the attesting individual has not been deposed or examined by the plaintiff, may not bear sufficient indicia of reliability, particularly where the evidence is to be construed in the light most favorable to the plaintiff.")

Plaintiff has also adequately pled causation. "Under Massachusetts law, proximate cause requires a showing by the plaintiff, first, that the loss was a foreseeable consequence of the defendant's negligence, second, that the defendant's negligence was a but-for cause of the loss, and third, that the defendant's negligence was a substantial factor in bringing about the loss." Jorgensen v. Massachusetts Port Auth., 905 F.2d 515, 522–23 (1st Cir. 1990).

The amended complaint asserts that Defendant Distributors were the exclusive distributors of the Pinnacle System for the Plaintiff's surgeon's region; that they promoted the Pinnacle System to Plaintiff's surgeon; that their failure to warn about the risks associated with the product defect influenced his surgeon's decision to use the device; and that the device caused him to suffer heavy metal poisoning. [Am. Comp. ¶¶ 17, 137–152]. Questions of causation are typically best reserved for the factfinder and, at this stage, Plaintiff's well-pleaded complaint

provides enough to show that it is plausible that a factfinder could conclude that his injuries were a consequence of Defendant Distributors' failure to warn both his surgeon and the public about the defects of the Pinnacle System.  See Wooten v. Khan, No. 16-cv-11642, 2017 WL 2468782, at *3 (D. Mass. June 7, 2017) ("Where the complaint adequately alleges that the injuries were caused by [defendant's] neglect, any factual dispute as to the proximate cause of [plaintiff's] ailments is best left to summary judgment or trial.")

These allegations, if proven by Plaintiff, are sufficient to support a theory of liability against the Distributor Defendants and therefore Removing Defendants' allegation of fraudulent joinder fails.  Having found that Plaintiff has sufficiently alleged a plausible negligence claim against two of the Massachusetts Defendants, the Court need not address the parties' additional arguments for and against remand.

### C. Attorney Fees and Costs

The Court will deny Plaintiff's request for attorney's fees.  See [ECF No. 9 at 19–20]. Removing Defendants had an objectively reasonable basis for seeking removal.  See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  They submitted declarations that disputed at least some of Plaintiff's allegations and their preemption argument involves unsettled law.

## IV. CONCLUSION

The Court, squarely presented with the merits of removal in this action, concludes that it lacks subject matter jurisdiction, and that the case must be returned to state court.  Accordingly, Removing Defendants' motion to stay all proceedings, [ECF No. 6], is DENIED, and Plaintiff's motion to remand the case to state court, [ECF No. 8], is GRANTED.

**SO ORDERED.**

January 28, 2022 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE